UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TAMMY C. HOWARD,**

        **Plaintiff,**

**v.**                                                    **Case No:  6:12-cv-1224-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

**MEMORANDUM OF DECISION**

Tammy C. Howard (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. R. 1-6, 21. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to give proper weight to the opinions of her treating physician, Dr. Brent Schlapper; and 2) mischaracterizing the Vocational Expert's ("VE") testimony. Doc. No. 17 at 7-15. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

**I.**     **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

## II. ANALYSIS.

### A. Dr. Schlapper.

Claimant raises several arguments concerning the ALJ's consideration of Dr. Schlapper's medical opinions. Doc. No. 17 at 11-15. Claimant argues that the Court cannot appropriately review whether the ALJ's reasons for assigning less than controlling weight to Dr. Schlapper's medical opinions are supported by substantial evidence because a majority of Dr. Schlapper's records are illegible. Doc. No. 17 at 14-15. Claimant also argues that there is no good cause for assigning less than controlling weight to Dr. Schlapper's medical opinions. Doc. No. 17 at 15. Finally, Claimant argues that the ALJ failed to articulate with particularity the weight assigned to Dr. Schlapper's medical opinions. Doc. No. 17 at 11, 13. Conversely, the Commissioner argues that the ALJ adequately articulated the weight assigned to Dr. Schlapper's medical opinions.

Doc. No. 18 at 12 (citing R. 18). The Commissioner argues that Dr. Schlapper's records are legible. Doc. No. 18 at 10. In doing so, the Commissioner relies on the notes of Dr. Nicolas Bancks, a non-examining consultative physician, indicating that he reviewed several of Dr. Schlapper's treatment notes. Doc. No. 18 at 10. Finally, the Commissioner argues that the ALJ provided good cause for assigning less then controlling weight to Dr. Schlapper's medical opinions, and that the ALJ's reasons are supported by substantial evidence. Doc. No. 18 at 9-13.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. The Eleventh Circuit has clarified the standard the Commissioner is required to utilize when considering medical opinion evidence. In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

3

*Johnson v. Barnhart*, 138 F. App'x. 266, 269 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41).[1]  Thus, good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records.

Dr. Schlapper treated Claimant on approximately twelve (12) occasions between March 2007 and December 2010.  R. 256-86, 316-20, 331-35.  Accordingly, Dr. Schlapper qualifies as a treating physician.  *See* 20 C.F.R. § 404.1502 (defining a treating physician as the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant], or has provided [the claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]").

On July 11, 2010, Dr. Schlapper completed a form entitled "Medical Assessment of Ability To Do Work Related Activities" (the "Assessment").  R. 316-18.  In it, Dr. Schlapper opined that a pinched nerve, previous tailbone fractures, and lower back pain limited Claimant to frequently lifting/carrying sixteen (16) pounds.  R. 316.[2]  Dr. Schlapper opined that a pinched nerve and disproportionate legs limited Claimant to standing/walking for three to four (3 – 4) hours in an eight (8) hour work day, and an hour and thirty (30) minutes without interruption.  R. 316-17.  Dr. Schlapper also opined that a pinched nerve and previous tailbone fractures limited Claimant to sitting for three to four (3 – 4) hours in an eight (8) hour work day, and two hours without interruption.  R. 317.  Dr. Schlapper opined that Claimant could occasionally balance, stoop, and crouch.  R. 317.  However, Dr. Schlapper opined that Claimant could never climb, kneel, or crawl.  R. 317.  Dr. Schlapper opined that Claimant's ability to reach, handle, see, hear,

---

[1] In the Eleventh Circuit, unpublished cases are not binding, but are persuasive authority.

[2] Perplexingly, Dr. Schlapper also opined that Claimant could only lift/carry two (2) pounds and could occasionally lift/carry a maximum of eight (8) pounds (R. 316), a discrepancy noted in the ALJ's decision.  R. 18.

and speak were not affected by her impairments, but opined that her ability to feel, push, and pull were affected by her impairments. R. 317. Dr. Schlapper, however, did not opine as to the extent Claimant's ability to feel, push, and pull are affected by her impairments (i.e., whether Claimant could occasionally or never feel, push, and pull). *See* R. 317.

At step two, the ALJ found that Claimant suffered from two severe impairments: degenerative joint disease of the spine and hip; and a history of Methicillin-resistant Staphylococcus aureus ("MRSA"). R. 13. The ALJ also found that Claimant suffered from one non-severe impairment, affective disorder. R. 13. At step four, the ALJ thoroughly discussed Claimant's medical records. R. 15-18. In doing so, the ALJ stated the following concerning the Assessment:

> The [ALJ] concludes … that Dr. Schlapper's opinion is inconsistent with the other substantial evidence in the record. Specifically, the [ALJ] notes Dr. Bancks['] review of the evidence and his conclusion that Dr. Schlapper's conclusions were inconsistent with his own treatment records (Exhibit 7F).
>
> Given this, when a treating physician's opinion does not warrant controlling weight, the ALJ must weigh the opinion based on additional factors. Amongst those are the medical evidence supporting the opinion, consistency with the record as a whole, and other factors that tend to support or contradict the opinion. The [ALJ] concludes these factors weigh against assigning Dr. Schlapper's opinion significant weight. As noted above, Dr. Schlapper's assessment was not consistent with his own treatment entries. Further, the assessment is internally inconsistent as well. For example, the assessment contains the conclusion the claimant cold lift or carry up to two pounds, but also contains the conclusion the claimant could frequently lift [or] carry up to 16 pounds. In addition, strength reports elsewhere in the record [sic] not essentially normal strength, which would not support a conclusion that the claimant could only lift or carry up to two pounds. There is also no basis in the record for Dr. Schlapper's conclusions that the claimant has environmental limitations.

5

> The overall limits of Dr. Schlapper's conclusions are not supported because the record lacks findings of clinical abnormalities and Dr. Schlapper does not provide a rationale for his conclusion.

R. 18. Despite the ALJ's decision to not assign significant weight to the opinions contained in the Assessment, the ALJ gave Claimant "the benefit of the doubt and incorporated many of the limits into the [his] assessment." R. 18. The ALJ concluded that Claimant has a residual functional capacity ("RFC") to "perform less than the full range of light work as defined in 20 CFR 404.1567(b)." R. 15. The ALJ explained that "claimant is unable to walk for more than two [2] hours throughout the course of an eight-hour [8] workday. The claimant must be allowed to alternate at will between periods of sitting and standing. The claimant is limited [to] work that requires only occasional balancing, stooping, crouching, feeling, pushing, or pulling. The claimant is unable to perform work that requires kneeling, crawling, or climbing." R. 15.

As an initial matter, the Court finds Claimant's argument that Dr. Schlapper's records are illegible, and thus incapable of meaningful review, unpersuasive. Dr. Schlapper's handwritten records are legible. *See* R. 256-86, 319-20, 329, 332-35. Indeed, the Court is not alone in this view as Dr. Bancks, who reviewed Dr. Schlapper's records, did not indicate any difficulty in understanding the same. *See* R. 321-28. Accordingly, the Court finds that the Dr. Schlapper's records are capable of meaningful review.

Since Dr. Schlapper's records are capable of meaningful review, the Court is able to determine the merit of Claimant's argument that there is no good cause for assigning Dr. Schlapper's medical opinions less than significant weight. As evidenced above, the ALJ explained why Dr. Schlapper's medical opinions deserve less than significant weight. Specifically, the ALJ noted that Dr. Schlapper's medical opinions were both inconsistent with his own records and unsupported by Claimant's medical record, and cited examples of each

6

deficiency. R. 18. The Court finds that each of the reasons offered by the ALJ is supported by substantial evidence and constitutes good cause to assign less than significant weight to Dr. Schlapper's medical opinions. *See Johnson*, 138 F. App'x. at 269 (good cause exists to assign a treating physician's opinion less than substantial weight when the "treating physician's opinion was not bolstered by the evidence").

Finally, the Court turns to Claimant's argument that the ALJ failed to articulate with particularity the weight assigned to Dr. Schlapper's medical opinions. The ALJ concluded that "these factors weigh against assigning Dr. Schlapper's opinion significant weight." R. 18. This finding does not adequately state with particularity the weight assigned to Dr. Schlapper's medical opinions, as it is unclear whether the ALJ rejects Dr. Schlapper's medical opinions or simply accords them some degree of lesser weight. Despite the ALJ's failure, the Court finds that the error is harmless.

Generally, harmless error has been described as an error that does not affect a party's substantial rights. *Riddles v. Astrue*, Case No. 5:09cv388/RS/MD, 2010 WL 5071320 at *5 (N.D. Fla. Nov. 3, 2010). It has also been described as an error that does not affect the end result. *Sample v. Astrue*, Case No. 2:09-CV-89-FtM-26SPC, 2010 WL 1751947 at *1 (M.D. Fla. Apr. 29, 2010). Stated differently, the "harmless error doctrine essentially dictates that if remand for the correction of an error would not change the outcome ... such error is deemed harmless." *Torres v. Astrue*, Case No. 1:11-CV-24 (WLS), 2012 WL 621707 at *2 (M.D. Ga. Feb. 2, 2012); *See Fisher v. Bowen*, 869 F.2d 1055, 2068 (7th Cir. 1989) ("No principal of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is some reason to believe that the remand might led to a different result.").

More specifically, an ALJ's failure to state the weight given to a doctor's opinion can constitute harmless error when the correct application of the regulations would not contradict the ALJ's ultimate findings. *Wright v. Barnhart*, 153 F. App'x. 678, 684 (11th Cir. 2005). In *Wright*, the ALJ did not state the weight given to several doctors who opined that the claimant suffered from chronic pain or conditions associated with chronic pain. *Id*. The Eleventh Circuit found this error to be harmless because none of the doctors' opinions "directly contradicted" the ALJ's finding that Claimant could perform sedentary work. *Id*.

Although the ALJ assigned less than significant weight to the medical opinions contained in the Assessment, the ALJ gave Claimant the benefit of the doubt and incorporated many of those limits into Claimant's RFC. R. 18. For example, Dr. Schlapper opined that Claimant could stand/walk without interruption for one hour and thirty (30) minutes, and sit for three to four (3 – 4) hours in an eight (8) hour workday and two (2) hours without interruption. R. 316-17. The RFC adequately accounts for these limitations by indicating that Claimant "must be allowed to *alternate at will* between periods of sitting and standing." (emphasis added) R. 15. With respect to postural activities, the RFC contains the same limitations. *Compare* R. 15 *and* R. 317. With respect to Claimant's ability to feel, push, and pull, which Dr. Schlapper opined were affected by Claimant's impairments, the RCF accounts for these limitations by indicating that Claimant can occasionally feel, push, and pull.[3]

Further, with respect to several activities, the RFC indicates that Claimant's functional limitations are more severe than those contained in the Assessment. For example, Dr. Schlapper opined that Claimant could frequently lift or carry a maximum of sixteen (16) pounds. R. 316. Comparatively, the RFC indicates that the Claimant can "perform less than the full range of light

---

[3] As discussed above, the Assessment does not specify the extent to which Claimant's ability to feel, push, and pull are affected by her impairments. *See* R. 316-18.

8

work[.]" R. 15. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Accordingly, the RFC adopts a lower limit for lifting and carrying than the Assessment. With respect to walking, Dr. Schlapper opined that Claimant could walk for three to four (3 – 4) hours in an eight (8) hour workday. R. 316-17. Comparatively, the RFC indicates that Claimant "is unable to walk for more than two (2) hours throughout the course of an eight (8) hour workday." R. 15. Again, the RFC adopts a lower limit for walking in an eight (8) workday than the Assessment.

In sum, the Court finds that Claimant's RFC, as determined by the ALJ, accounts for, and thus does not directly contradict, the limitations contained in the Assessment. *See Wright*, 153 F. App'x. at 684 (ALJ's failure to assign weight to physicians' opinions was harmless error since the opinions did not directly contradict the ALJ's findings). Therefore, the Court finds that the ALJ's failure to state with particularity the weight given to Dr. Schlapper's medical opinions is harmless.

**B. The VE's Testimony.**

Claimant argues that the ALJ mischaracterized the VE's testimony when the ALJ stated that the VE had testified to a specific number of jobs available in the national economy. Doc. No. 17 at 7-11. Claimant maintains that the VE was unable to provide the number of positions available in the national economy for the jobs it identified Claimant being capable to perform given her age, education, work experience, and RFC. Doc. No. 17 at 7-11. Consequently, Claimant maintains that the ALJ's determination that there are a significant number of jobs in the national economy which Claimant can perform given her age, education, work experience, and RFC, is not supported by substantial evidence. Doc. No. 17 at 7-11. Conversely, the Commissioner argues that the VE's testimony provided substantial evidence to support the ALJ's

determination that there are a significant number of jobs in the national economy which Claimant can perform given her age, education, work experience, and RFC. Doc. No. 18 at 13-15.

Once a claimant proves that he or she can no longer perform his or her past relevant work, the burden shifts to the Commissioner "to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Jones v. Apfel*, 190 F.3d 1224, 1228-30 (11th Cir. 1999) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)).[4] One of the methods used to show that the claimant can perform other jobs is through the testimony of a VE. *Id*. at 1229. "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id*. "Essentially, the ALJ must determine if there is other work available in significant numbers in the national economy that the claimant has the ability to perform." *Phillips*, 357 F.3d at 1239. Once the Commissioner, by and through the ALJ, demonstrates the existence of other work in the economy that the claimant can perform, the burden shifts back to the claimant to prove that he or she is unable to perform the jobs identified by the VE. *Jones*, 190 F.3d at 1228 (citing 20 C.F.R. § 416.920).

During the hearing, the ALJ asked the VE whether jobs exist in the national economy for an individual with the Claimant's age, education, work experience, and RFC. R. 44-5. The VE responded in the affirmative, testifying as follows:

> One could perform as a Garment Sorter, it has an unskilled SVP level of 2 and an exertional level of light. …. In the Florida regional economy, approximately 3,000 jobs exist, nationally, approximately 400,000 jobs exist. Also, your honor, one could perform as a Tagger, it has an unskilled SVP level of 2 and an exertional level of light. …. In the Florida regional economy, approximately 7,000 jobs exist, nationally, approximately 350,000 jobs exist and lastly

---

[4] The VE testified that Claimant could not perform the requirements of her past relevant work based on the RFC as determined by the ALJ at step four. R. 44.

10

> your honor, one could perform as a Seller. This has an unskilled SVP level of 2 and an exertional level of light.
> …. In the Florida regional economy, approximately 220,000 exists [sic], nationally, approximately 2.7 million jobs.

R. 45-6. Thereafter, Claimant's attorney asked the VE several questions, resulting in the following, colloquy:

> Q: Okay. Now, the numbers that you gave, for instance, of a Garment Sorter, where do you get those numbers?
>
> A: From the Bureau of Labor Statistics, Occupational Employment Survey.
>
> Q: All right, I am reading from a letter from the Bureau of Labor Statistics that says and I am quoting, "We are not aware of any data source or methodology for reliably determining the number of jobs by a DOT code," so –
>
> ALJ: What's the question for him?
>
> Q: Well, Mr. Reyes, when you give us the numbers for this Garment Sorter position, is it for that one specific position or is that for a number of different positions?
>
> A: It's for a number of different positions.
>
> Q: Okay, how many other positions are contained within those numbers that equal 400,000 jobs in the national economy?
>
> A: Roughly speaking, it would be a guesstimate, I would say about maybe twenty to thirty.
>
> Q: Twenty to thirty?
>
> A: Of the job titles.
>
> Q: Okay and you would have the same answer for the Tagger and the Ticket Seller as well?
>
> A: Yes.

R. 46-7. Based on the foregoing colloquy, Claimant maintains that the VE "clearly could not provide the numbers of jobs available." Doc. No. 17 at 11. As such, Claimant contends that the ALJ's reliance on the VE's testimony concerning the number of available positions in the Florida and national economies for garment sorter, tagger, and ticket seller was erroneous, and thus unsupported by substantial evidence. Doc. No. 17 at 11.

The Court finds Claimant's argument unavailing. The Commissioner met its burden of production via the VE's testimony that Claimant, given her age, education, work experience, and RFC, could work as a garment sorter, tagger, and ticket seller. R. 45-6. Consequently, the burden shifted back to Claimant to prove that she is unable to perform the jobs suggested by the VE. *Jones*, 190 F.3d at 1228. Despite Claimant's argument to the contrary, the above colloquy simply establishes that the numbers provided by the VE for each of the jobs he identified includes a "number of different positions." R. 47. Claimant's cross-examination does nothing to prove that Claimant could not perform the jobs identified by the VE or the "different positions" associated with those jobs. Accordingly, as the record stands, there is substantial evidence to support the ALJ's decision.

### III.  CONCLUSION.

For the reasons stated above, it is hereby **ORDERED** that the Commissioner's final decision is **AFFIRMED**, and the Clerk is directed to enter judgment for the Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida on August 20, 2013.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Shea A. Fugate
PO Box 940989
Maitland, FL 32794

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Kelly Fitzgerald
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing Trl.
Jacksonville, FL 32256-1224